**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ROBERT KRESS,<br><br>     Plaintiff<br><br>vs.<br><br>BIGSKY TECHNOLOGIES, LLC; CATHY FLEISCHER, INDIVIDUALLY; and MICHAEL DUFFY, INDIVIDUALLY,<br><br>     Defendants | **COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>**Index No.** _____ |

## NATURE OF ACTION

1. This is a proceeding for relief to redress the deprivation of rights secured to Plaintiff under the Fair Labor Standards Act of 1938 ("FLSA") and the New York Labor Law ("NYLL").

## JURISDICTION & VENUE

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331; 28 U.S.C. § 1337; 28 U.S.C. § 1343 (3) and (4); and 29 U.S.C. § 216(b).

3. This Court's supplemental jurisdiction of claims arising under New York State Law is also invoked, pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the Western District of New York pursuant to 28 U.S.C. § 1391(b).

## PARTIES

Plaintiff

5. Plaintiff Robert Kress ("Kress") is an individual residing in the City of Rochester, County of Monroe, and State of New York, who was employed by Defendants from approximately June 1, 2009, through in or about May 1, 2015, and who at all relevant times was an employee of Defendants', for purposes of both the FLSA and NYLL, within this District.

6. Kress was classified by Defendants, during the majority of his employment, as exempt from the overtime requirements of both the FLSA and NYLL.

7. Specifically, Defendants' practice and policy was to pay Kress a fixed amount for each pay period, without regard to the number of hours worked. Defendants frequently required Kress to work in excess of forty hours per workweek without paying him for said hours.

Defendants

8. Defendant Bigsky Technologies LLC ("Bigsky") is a foreign limited liability company, organized under the laws of the State of Delaware and registered with the New York State Department of State with an address for service of process at P.O. Box 10570, Rochester NY 14610.

9. Defendant Cathy Fleischer ("Fleischer") is, upon information and belief, an owner/member of Bigsky with substantial involvement in and control over all policies, procedures and operations, including day-to-day operations.

10. Fleischer, upon information and belief, maintains an address in the County of Monroe, State of New York.

11. Defendant Michael Duffy ("Duffy") is, upon information and belief, an owner/member of Bigsky with substantial involvement in and control over all policies, procedures and operations, including day-to-day operations.

12. Duffy, upon information and belief, maintains an address in the County of Monroe, State of New York.

13. At all times relevant to this action, Bigsky was the employer of Kress within the meaning of both the FLSA and NYLL.

14. At all times relevant to this action, Fleischer was the employer of Kress within the meaning of both the FLSA and NYLL.

15. At all times relevant to this action, Duffy was the employer of Kress within the meaning of both the FLSA and NYLL.

## FACTUAL ALLEGATIONS

16. Bigsky is in the business of manufacturing various products, including chemical compounds, and materials associated with kayaks, such as paddles and shafts.

17. Kress's employment with Defendants consisted almost exclusively of physical labor, such as mixing and packaging chemical compounds and physically manufacturing kayak paddles and shafts.

18. Kress was required to work as many hours as were required by Defendants to satisfy Defendants' business needs. Kress routinely worked in excess of fifty hours per week.

19. At all times prior to approximately December 2014, Kress was paid a fixed amount for each week worked, without additional compensation for hours worked in excess of forty.

20. On several occasions, Kress was paid less than the weekly amount that he had been promised by Defendants due to business needs of Defendants.

21. For many workweeks for which Kress was paid less than the amount promised by Defendants, Kress effectively received less than minimum wage for the hours that he worked.

22. Beginning in approximately December 2014, Defendants began paying Kress by the hour.

23. Kress's presumptive "straight-time" hourly rate for any given workweek must be calculated by dividing the greater of the amount he was paid or the amount he was promised by forty. Kress's presumptive overtime rate for each such workweek must be calculated by multiplying the aforementioned straight-time rate by one-and-one-half.

24. Defendants are required by law to keep and maintain certain records, including records of hours worked by non-exempt employees.

25. Plaintiff is unable to calculate the exact amount of wages owed because the necessary records are in the possession of Defendants. However, the amount of damages is easily ascertainable by Defendants because they can be determined solely from the records that Defendants are required to maintain.

26. Defendants did not give Kress, prior to employment and annually prior to February 1, a notice containing the following information: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the

employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer.

27. Defendants did not give Kress, with each wage payment, written statements listing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked.

FIRST CAUSE OF ACTION:  FLSA

28. Kress realleges the above paragraphs as if fully restated herein.
29. Defendants have knowledge of their responsibilities and obligations under the FLSA.
30. Defendants have failed to make, keep and preserve true and accurate records of the hours worked by Kress, in violation of the FLSA.
31. Defendants violated their obligations under the FLSA and are liable to Kress.
32. Further, Defendants' violations of their obligations under the FLSA were willful.

## SECOND CAUSE OF ACTION: NEW YORK LABOR LAW

33. Kress realleges the above paragraphs as if fully restated herein.

34. Defendants have knowledge of their responsibilities and obligations under the NYLL.

35. Defendants have failed to provide notices to Kress as required by the New York Labor Law.

36. Defendants failed to pay all wages due to Kress on regular days designated in advance pursuant to New York Labor Law.

37. Defendants have failed to make, keep and preserve true and accurate records of the hours worked by Kress, in violation of the New York Labor Law.

38. Defendants have willfully violated the New York Labor Law, and the supporting regulations issued by the New York State Department of Labor, with respect to their obligations to Kress.

PRAYER FOR RELIEF

**WHEREFORE**, Kress demands judgment against Defendants, and respectfully request that this Court grant the following relief:

a. an award crediting Kress for all hours worked, at the appropriate hourly rates;

b. an award of the value of Kress's unpaid hourly wages and overtime;

c. liquidated damages under the FLSA and NYLL equal to the sum of the amount of wages and overtime which were not properly paid to Kress;

d. an award of reasonable attorneys' fees, expenses, expert fees, and all other costs incurred in vindicating Kress's rights;

e. an award of pre- and post-judgment interest;

f. statutory damages under the NYLL for not providing employees written notice pursuant to NYLL §§195 and 198;

g. the amount equal to the value which would make Kress whole for the violations; and

h. such other and further relief as this Court deems necessary and proper.

DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff and Class Members demand a trial by jury on all questions of fact raised by the Complaint.

Dated: July 22, 2015

/s/
Robert Mullin
Ferr & Mullin, P.C.
Attorneys for Plaintiff
7635 Main St. Fishers
P.O. Box 440
Fishers, NY 14453
t (585) 869-0210
f (585) 869-0223

7