UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ROBERT KRESS,

Plaintiff,

-vs-

DECISION AND ORDER

15-CV-6430

BIGSKY TECHNOLOGIES, LLC, et al.,

Defendants.

Plaintiff Robert Kress ("plaintiff"), brings this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 et seq., and the New York Labor Law ("NYLL"), alleging that his former employer, Bigsky Technologies, LLC ("Bigsky") and individual defendants Cathy Fleischer ("Flesicher") and Michael Duffy ("Duffy"), failed to pay him overtime or supply him with statutorily-required wage notices. The Court previously granted a motion by defendants to dismiss the Complaint, but granted plaintiff to replead. (Dkt. #15). Plaintiff filed an Amended Complaint on December 30, 2015. (Dkt. #16). Defendants now move to dismiss the Amended Complaint as against Fleischer and Duffy, and to dismiss plaintiff's N.Y. Labor Law claims concerning defendants' alleged failure to provide him with statutorily-mandated wage notices and statements. (Dkt. #17). For the reasons that follow, that motion is denied.

## DISCUSSION

### I.   Individual Defendants as "Employers" For Purposes of the FLSA

The FLSA imposes liability on "employers," a term that is "broadly define[d] [to include] 'any person acting directly or indirectly in the interest of an employer in relation to an employee.'" *Doo Nam Yang v. ACBL Corp.*, 427 F. Supp. 2d 327, 342-43 (S.D.N.Y. 2005) (*quoting* 29 U.S.C. §203(d)). The New York Labor Law defines "employer" in similarly expansive terms, as, "any person employing any [employee].'" *Id.* (*quoting* N.Y. Labor Law §§2(6), 651(6)). In determining whether a party qualifies as an employer under the "generous definitions" of these two statutes, the relevant inquiry is "whether the alleged employer possessed the power to control the workers in question... with an eye to the economic reality presented by the facts of each case." *Id.* (*quoting Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 139 (2d Cir. 1999)).

Thus, in cases where a plaintiff-employee is employed by a corporation, individual officers or directors of the corporation may be "deemed employers under the FLSA where the individual has overall operational control of the corporation, possesses an ownership interest in it, controls significant functions of the business, or determines employees' salaries and makes hiring decisions." *Jiao v. Chen*, 2007 U.S. Dist. LEXIS 96480 at *32 (S.D.N.Y. 2007) (internal quotations omitted). Relevant factors include: (1) the power to hire and fire the employees; (2) the power to supervise and control the employees' work schedules or conditions of employment; (3) the power to determine the rate and method of the employees' compensation; and (4) the maintenance of employment records. *See Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 139 (2d Cir. 1999). "[S]uch status does not require continuous monitoring of employees, looking over their shoulders at all times, or any sort of absolute control of ones' employees." *Id.*

Nonetheless, bare allegations of an individual's control over employee-plaintiffs that are based solely upon the individual's job title and presumed duties are insufficient to establish that the individual is an "employer" under *Herman*'s economic reality test. *See Bravo v. Eastpoint Int'l*, 2001 U.S. Dist. LEXIS 3647 (S.D.N.Y. 2001). The economic reality factors are not exclusive, and do not all need to weigh in favor of a finding of employment in order for an individual to be held liable under the FLSA. *See Jiao*, 2007 U.S. Dist. LEXIS 96480 at *32.

Generally, mere boilerplate allegations that an individual meets the various prongs of the economic reality test, stated solely upon information and belief and without any supporting details – essentially "a formulaic recitation of the elements of a cause of action" – are insufficient to raise plaintiffs' right to relief "above a speculative level" with respect to an individual's liability as an employer under the FLSA. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("a plaintiff's obligation [to state a claim] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level").

While defendants argue that plaintiff's amplified factual allegations against Fleischer and Duffy are no more than boilerplate allegations, the Court disagrees. Plaintiff's allegations, which in the Amended Complaint are no longer made "upon information and belief," state that: (1) Fleischer and Duffy are owners of Bigsky; (2) throughout plaintiff's employment, Fleischer and Duffy gave plaintiff specific instructions as to his job duties and schedule; (3) Fleischer and Duffy supervised plaintiff and were present at his workplace on a full-time basis; (4) Fleischer and Duffy personally hired plaintiff, and terminated him; and (5) Fleischer and Duffy both had numerous discussions with plaintiff concerning his rate of compensation. Taken as a whole and construing all inferences in plaintiff's favor, as the Court must on a motion to dismiss, I find that

these factual allegations state a plausible basis for finding that Fleischer and Duffy are "employers" for purposes of the FLSA under the economic reality test. Defendants' motion to dismiss plaintiff's claims against Fleischer and Duffy as insufficiently stated is therefore denied.

## II. Wage Notice and Wage Statement Claims

Plaintiff alleges that during his employment, defendants failed to timely provide him with: (1) annual wage notices; as well as (2) regular wage statements (with each paycheck) as required by the Wage Theft Prevention Act ("WTPA"), an amendment to the New York Labor Law. *See* N.Y. Labor Law §195.

With respect to wage notices upon hiring and annually thereafter, the WTPA requires that an employer must, "provide his or her employees... at the time of hiring of, and on or before February first of each subsequent year of the employee's employment... a notice containing [specified wage and employment] information..." N.Y. Labor Law §195(1)(a). Defendants argue that plaintiff's wage notice claim should be dismissed because "an employee who began working before the WTPA took effect on April 9, 2011, may not bring a claim for an employer's failure to provide wage notices." *Canelas v. A'Mangiare, Inc.*, 2015 U.S. Dist. LEXIS 66316 at *11 (S.D.N.Y. 2015). Defendants also note that N.Y. Labor Law §198, which creates a private right of action for violations of N.Y. Labor Law §195(1), limits its discussion of available damages to an employer's failure to provide a time-of-hire notice, and makes no mention of a right of recovery for failure to provide the subsequent annual notices required by the same provision.

First, while case law establishes that an employer will not be held liable for failing to provide an *initial*, time-of-hiring wage notice to employees who were hired before the effective date of the WTPA (April 9, 2011), plaintiff's claim does not appear to refer to, or be based upon,

-4-

any alleged failure by defendants to provide an initial wage notice at the time of his hire.[1] Rather, plaintiff alleges that the defendants failed to provide him with the required "annual" notices after the WTPA went into effect, "prior to February 1 in 2012, 2013 [and] 2014." (Dkt. #16, Amended Compl. at ¶36). Furthermore, notwithstanding the fact that the costs and remedies provision of N.Y. Labor Law §198 does not specify a monetary remedy for failure to provide annual notices under §195(1), research does not reveal (nor do defendants identify) any case which has foreclosed plaintiffs from asserting claims for an employer's failure to provide statutorily-prescribed annual wage notices on that basis, even where the employee commenced work prior to April 9, 2011. *See Rodriguez v. Obam Mgmt.*, 2016 U.S. Dist. LEXIS 34154 at *28-*29 (S.D.N.Y. 2016) (allowing employee hired prior to April 9, 2011 to pursue annual wage notice claims); *Inclan v. New York Hospitality Group*, 2015 U.S. Dist. LEXIS 39342 at *21-*23 (S.D.N.Y. 2015) (same). Again construing all inferences in plaintiff's favor, and in the absence of legal authority to the contrary, I therefore find that with regard to annual wage notices, plaintiff has, at this juncture, stated a plausible claim for failure to provide annual notices in the manner required by N.Y. Labor Law §195(1)(a).

With regard to plaintiff's second claim under N.Y. Labor Law §195(3) – failure to provide regular wage statements with each paycheck during the time period in issue – defendants make no argument supporting dismissal, and I find that plaintiff's claim under that section is plausible on its face. *See e.g.,* Dkt. #16, Amended Complaint at ¶37 et seq. ("[d]efendants did not give Kress with… each of the twenty-six wage payments from January 11, 2012 through January 12, 2013, written statements listing [payment and employer information as required by the WTPA]…").

---

[1] To the extent that plaintiff is seeking to assert such a claim with regard to defendants' failure to provide an initial wage notice upon hiring, it would be dismissed as insufficiently stated, due to plaintiff's pre-April 9, 2011 hire.

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss the Amended Complaint in part

for failure to state a claim (Dkt. #17) is denied.

IT IS SO ORDERED.

Dated:          August ____, 2016
                Rochester, New York

HON. DAVID G. LARIMER
United States District Judge